UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDERICK M. WEINBERG AND JANICE T. NINI, <br><br> Plaintiffs, <br><br> vs. <br><br> SCOTT E. KAPLAN, LLC, <br><br> Defendant. | Civil Action No. _____ |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1452, Defendant, Scott E. Kaplan, LLC, removes to this Court the Superior Court of New Jersey action described in Paragraph 1 below.

## THE REMOVED ACTION

1. The removed action is a civil action commenced on or about June 29, 2016, in the Superior Court of New Jersey, Law Division, Mercer County, having been assigned Docket No. L-1292-16, and styled *Frederick M. Weinberg and Janice T. Nini v. Scott E. Kaplan, LLC.*

## PAPERS FROM REMOVED ACTION

2. 28 U.S.C. § 1446(a) requires that copies of all process, pleadings, and orders served upon Defendant in the removed case are included with the Notice of Removal. These papers are attached as Exhibits A-D.[1] Defendant has not filed any responsive pleading in the Superior Court of New Jersey.

---

[1] By filing this Notice Removal, Defendant reserves all its rights and defenses. See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed.) ("[A]n appearance in state court prior to removing a case to federal court does not waive objections that

## THE REMOVAL IS TIMELY

3. On July 13, 2016, Defendant was served with copies of the Complaint, Summons, Case Information Statement, and Track Assignment Notice. This notice of removal is timely, as Defendant has until thirty (30) days after service of the initial pleading to file such a notice. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

## THE VENUE REQUIREMENT FOR REMOVAL IS MET

4. Venue for this removal is proper under 28 U.S.C. §§ 1441(a) and 1452 because the United States District Court for the District of New Jersey is the district corresponding to the place where the Superior Court of New Jersey action was pending.

## FEDERAL QUESTION AND BANKRUPTCY JURISDICTION EXIST

5. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. §§ 1334 (bankruptcy jurisdiction) and 1331 (federal question jurisdiction), and may be removed to this Court under 28 U.S.C. §§ 1441, 1452, and 1446.

6. This case falls within the Court's Bankruptcy Court jurisdiction as a case "arising in" and "related to" bankruptcy.

7. The allegations in Plaintiff's Complaint are based entirely on alleged malpractice by Defendant in connection with its role as bankruptcy counsel to Plaintiffs when they were debtors in a bankruptcy case. That bankruptcy case was pending in the Bankruptcy Court for the District of New Jersey, in a chapter 11 case styled *Frederick M. Weinberg & Janice T. Nini*, Case No. 12-38503-KCF.

---

might have been raised in state court and that are still available under the federal rules" (citing cases)).

8. "Arising in" jurisdiction exists here because the retention of Defendant occurred with the approval of the Bankruptcy Court, and its work was performed under the supervision of the Bankruptcy Court. Malpractice actions against professionals in such circumstances are regularly classified as "arising in" bankruptcy. *See*, e.g., *Billing v. Ravin, Greenberg & Zackin, PA (Anders S. Billing and Diann E. Billing)*, 22 F.3d 1342 (3d. 1994); *Geruschat v. Ernst & Young LLP (In re Seven Fields Dev. Corp.)*, 505 F.3d 237, 262 (3d Cir. 2007); *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003); *Winstar Holdings, LLC v. Blackstone Group, L.P.*, 2007 WL 4323003, at *4 (S.D.N.Y. Dec. 10, 2007).

9. Plaintiffs' claims arose pre-confirmation inasmuch as the conduct on which they are predicated occurred during the bankruptcy process. Specifically, Plaintiffs alleged that Defendant did not properly prepare papers and make arguments in opposition to a lender's motion for relief from the automatic stay, that Defendant failed to file certain reports required by federal bankruptcy law and pay certain fees to the U.S. Trustee, and that Defendant failed to oppose a motion to convert the case from chapter 11 to chapter 7. For the same reasons, Defendant's alleged malpractice is inseparable from the bankruptcy context.

10. Thus, the Superior Court of New Jersey action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. §§ 1441(a) and 1452 because bankruptcy jurisdiction and federal question jurisdiction are present, and the United States District Court for the District of New Jersey is the district corresponding to the place where the Superior Court of New Jersey action was pending.

## FILING OF REMOVAL PAPERS

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to Plaintiffs' counsel, and a notice of filing of notice of removal is simultaneously being filed with the Superior Court of New Jersey, see Ex. E.

WHEREFORE, Defendant hereby removes the above-captioned action from the Superior Court of New Jersey and requests that further proceedings be conducted in this Court as provided by law.

Dated: August 11, 2016

                                                Respectfully submitted,

                                                s/ William G. Wright
                                                _____
                                                William G. Wright
                                                CAPEHART & SCATCHARD, P.A.
                                                A Professional Corporation
                                                8000 Midlantic Drive, Suite 300 S
                                                Mt. Laurel, NJ 08054
                                                (856) 234-6800
                                                (856) 234-2786 (fax)