# EXHIBIT "A"

PETER A. OUDA, LLC
Attorney at Law
19 North Bridge Street
Somerville, New Jersey 08876
Tel. (908) 927-9909
Attorney for Plaintiffs
011861990



FILED
JUN 29 2016
SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

|  |  |  |
|---|---|---|
| Plaintiffs | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION – MERCER COUNTY |
|  | : | Docket MER-L-1292-16 |
| FREDERICK M. WEINBERG & JANICE T. NINI | : |  |
|  | : | Civil Action |
|  | : |  |
| vs. | : | COMPLAINT, JURY DEMAND, |
|  | : |  |
| SCOTT E. KAPLAN, LLC | : |  |
| Defendant | : |  |

Plaintiff, by way of complaint against the Defendants, hereby states the following:

## FACTUAL BACKGROUND

1. Plaintiffs are residents of Mercer County, New Jersey.

2. The defendant is an attorney at law of the state of New Jersey.

3. The Plaintiffs retained the defendant in or about November 20, 2012 to represent them as their bankruptcy counsel. The bankruptcy was filed under Chapter 11 of the United States Bankruptcy Code.

1

3. On January 7, 2013, Beneficial Saving Bank, a creditor of the Plaintiffs ( the Bank) filed a motion to lift the automatic stay. On May 7, 2013, Judge Ferguson, the United States Bankruptcy Judge, issued a written decision. The court ordered that the Bank would receive relief from the automatic stay.

4. In his opposition to the Bank's motion, the defendant failed to articulate to the Court as to the debtors/Plaintiffs properties and related issues of cross collateralization. Plaintiff Janice T. Nini brought to Kaplan's attention errors made by the court on certain keys factual issues. Kaplan failed to recognize or appreciate errors by the court and he ignored the requests of Plaintiffs to seek clarification and or reconsideration from the court. Kaplan apparently did not appreciate the errors of the court and had no desire to move for reconsideration. Despite his clear efforts not to communicate with the clients, Kaplan filed a motion in June of 2013 to allow for compensation of $29, 947.50.

5. That application was granted except for a reduction in the amount of $4947.50.

6. Kaplan filed an application on June 26, 2013 to retain Nicholas M. Gaune, Esq. as special counsel which was granted.

2

7. He also filed an application to have Richard Kwasny, Esq. as " special counsel." He was referred to the Plaintiffs by Kaplan to assist with the case in general and for the motion for reconsideration. In July of 2013, Kwasny advised that Kaplan would be filing a motion to withdraw as counsel, which he never did. Kwasny was not formally retained until December 2013. Thus, Kaplan was counsel from November 2012 until replaced by Kwasny in December 2013.

8. The Plaintiffs, through defendant Kaplan, moved for reconsideration of the order lifting the stay and the court granted partial reconsideration. The court, in a written opinion , acknowledged that " that it had made a clear error of fact when it granted stay relief as to the incorrect property. "

9. The court had mistakenly granted stay relief as to property located at 193 North Harrison St. Princeton, New Jersey, and residential property located at 52 Marion Road in Princeton, New Jersey. It also granted reconsideration as to the Bank's ability to levy on proceeds from a fire insurance policy.

10. The court was critical of the submissions by the parties in the earlier motion to vacate the stay. The Court stated that " when the matter was originally presented to the court, the parties were unclear of the bank account held by Beneficial Bank. As a result, neither party focused on whether were any special protections afforded to this bank account due to the fact that it contained only insurance proceeds and was within the exclusive control of Beneficial Bank. What was left out of the original

3

submissions was that the judgment that the bank had was based on the commercial property and not the residential property and there was no cross collateralization."

11. Kaplan, as counsel for the Defendants, had the obligation to carefully prepare the papers to the court and to articulate the arguments so that the court could make a ruling in a manner that reflected the facts and controlling legal principles. It is clear that based on the aforementioned ruling by the court, the court was initially confused by the arguments presented by Kaplan on behalf of Plaintiffs.

12. Additionally, in December of 2013, the United States Trustee filed a motion to convert the matter to a Chapter 7 or to dismiss the Chapter 11 Petition. The basis was the failure of the debtors to file monthly reports and submit quarterly fees that were due. These filing were the responsibility of the attorney Kaplan. Plaintiffs provided the reports to Kaplan in a timely manner but Kaplan who failed to file same.

13. Because no opposition was filed by Kaplan or any other attorney for the Plaintiffs, the motion to convert was granted. Kwasny thereafter was retained on behalf of Defendants and filed a motion for reconsideration which was granted in January 28, 2014.

12. The Trenk, DiPasquale firm was retained by the Plaintiffs and through their efforts a settlement was reached with Beneficial Bank and a Plan was confirmed.

4

13. The Plaintiffs herein expended great sums of money on legal fees and expenses that were attributable to the conduct and or advice of defendant Kaplan.

## COUNT ONE ( LEGAL MALPRACTICE)

1. Plaintiffs repeat and reallege the allegations above as if set forth at length herein.

2. The defendant is an attorney at law of the state of New Jersey and purports to be a bankruptcy practitioner. As such, he is required to be familiar with the standard of care for bankruptcy practitioners who are similarly situated.

3. In the exercise of reasonable care, he is obligated to prepare papers for filing, to formulate legal strategy, and to maintain communications with the clients.

4. As stated above he deviated from accepted standards of practice. His submissions to the court on a motion to lift the automatic stay were so deficient and confusing that the court was unable to make an intelligible decision which required the expense and delay of a motion for reconsideration.

5. The defendant Kaplan also failed to communicate with the clients so as to seek their input and advice as to arguments and facts that could have clarified their position on a motion to lift the stay. His failure to do so caused the court to be confused about the arguments presented as to the legal and factual position being made on behalf of his clients the Plaintiffs herein.

5

6. The defendant Kaplan failed to file timely report which caused court to take adverse action to the Plaintiffs Chapter 11 Petition which was corrected after great expense to the Plaintiffs.

7. As a proximate cause of the deviations set forth herein, the Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demands judgment for compensatory damages, attorneys fees, return of legal fees paid to the defendant and all other relief that the court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Peter A. Ouda is hereby designated as trial counsel in the within action.

Dated: _____

PETER A. OUDA
Attorney for Plaintiffs

## **CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that to the best of my knowledge this matter is not the subject of any other action pending in any court or arbitration proceeding. No other party should be joined.

Dated:

PETER A. OUDA
Attorney for Plaintiffs

7