NOT FOR PUBLICATION

RECEIVED

OCT 21 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FREDERICK M. WEINBERG AND JANICE T. NINI,

    Plaintiffs,

v.

SCOTT E. KAPLAN, LLC,

    Defendant.

Civ. No. 16-4913

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the court upon the motion to dismiss brought by Defendant Scott E. Kaplan, LLC ("Defendant"). (ECF No. 4). Plaintiffs Frederick M. Weinberg and Janice T. Nini ("Plaintiffs") oppose the motion. (ECF No. 6). The Court has decided the motion based on the written submissions of the parties and oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's motion will be granted.

## BACKGROUND

Plaintiffs in this case were debtors in a Joint Chapter 11 Bankruptcy case in Bankruptcy Court for the District of New Jersey. *See In re Frederick M. Weinberg & Janice T. Nini, Case No. 12-38503-KCF*. Defendant, a law firm, was retained as bankruptcy counsel to Plaintiff in the bankruptcy case. Plaintiffs allege that Defendant committed legal malpractice in representing them. Specifically, Plaintiffs allege that Defendant: (1) did not properly prepare papers and make arguments in opposition to a lender's motion for relief from an automatic stay imposed by the Court; (2) failed to file certain reports and pay certain fees to the U.S. Trustee

1

required in a Chapter 11 Bankruptcy case; and (3) failed to oppose a motion to convert the case from Chapter 11 to Chapter 7. (*See* Compl., ECF No. 1-1).

Defendant was Plaintiff's bankruptcy counsel from November 2012 until he was replaced in December 2013. On May 31, 2013, Defendant, as Plaintiff's bankruptcy counsel, filed a motion to reconsider the Bankruptcy Court's Order granting the lender automatic relief from stay. The Bankruptcy Court granted partial reconsideration. On January 14, 2014, the Court converted the case from Chapter 11 to Chapter 7 due to the debtors' failure to file required monthly operating reports and pay required quarterly fees. Plaintiff's second bankruptcy counsel moved for reconsideration of the Court's Order converting the case from Chapter 11 to Chapter 7. On January 28, 2014, the Bankruptcy Court granted that motion for reconsideration.

Ultimately, in March 2014, Plaintiffs, with the assistance of a third bankruptcy counsel, negotiated a settlement with Beneficial Bank, the primary creditor. A Plan of Reorganization ("the Plan") was confirmed by the Bankruptcy Court on March 30, 2015. The Plan of Reorganization included a payment of roughly $26,000 to Defendant. This payment reflected the Bankruptcy Court's Order of July 29, 2013, which granted Defendant's application for compensation. In the Bankruptcy Court's Order, the Court reduced *sua sponte* the fees awarded to Defendant from the $29,947.50 requested in Defendant's original fee application. On September 8, 2015, Defendant filed a motion to compel payment of his fees. On September 29, 2015, the Bankruptcy Court granted Defendant's motion to compel payment.

Plaintiffs originally filed this legal malpractice suit in Superior Court of New Jersey in Mercer County on June 29, 2016 seeking the return of legal fees previously paid to Defendant and compensatory damages. (*See* ECF No. 1). The case was removed to this court on August 11, 2016. Defendant filed a motion to dismiss based on res judicata on August 17, 2016. (*See* ECF No. 4). Defendant's Motion to Dismiss is presently before the Court.

2

## **LEGAL STANDARD**

### I. Motion to Dismiss

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

Additionally, the Third Circuit has explained that a motion to dismiss based on an affirmative defense such as res judicata is proper if the application of res judicata is apparent on the face of the complaint. *Ryocline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). However, the Court may properly look beyond the face of the Complaint to public records, including judicial proceedings, to resolve a 12(b)(6) motion. *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999).

3

## ANALYSIS

### I. Res Judicata

The main issue that the Court must address is whether res judicata bars Plaintiffs' claims. The doctrine of res judicata mandates a subsequent suit be barred if there has been: (1) a final judgment on the merits in a prior suit; (2) based on the same cause of action; (3) between the same parties or their privies. *Labelle Processing Co. v. Swarrow,* 72 F.3d 308, 313 (3d Cir. 1995). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 194 (3d Cir. 1999).

Here, all the factors are present. First, the Third Circuit has stated that the confirmation of a plan of reorganization in a bankruptcy proceeding has preclusive effect "as to all issues decided or which could have been decided at the hearing on confirmation. *Donaldson v. Bernstein,* 104 F.3d 547, 554 (3d Cir. 1997) (citations omitted). The Bankruptcy Court confirmed the Plan at issue here on March 30, 2015 and Plaintiffs failed to include their claim against Defendant. Plaintiffs cite a statement of the Bankruptcy Court to argue that they received acknowledgement from the Court, *after* that Court's confirmation of the Plan, to file a subsequent legal malpractice claim. Tr. of Mot. Compel Hr'g at 6:25-7:3, Sept. 29, 2015, *In re Frederick M. Weinberg & Janice T. Nini* (No. 12-38503-KCF) ("[W]ithout making a finding either way, the Court notes that this ruling is without prejudice to the Debtor's rights to file the malpractice action that they've threatened."). The language of that particular judicial statement, however, provides no escape from the res judicata consequences of the Court's confirmation of the Plan. The Plan was a final judgment for purposes of res judicata. Therefore, this factor is satisfied.

Second, the instant legal malpractice claim is based on the same cause of action as the prior judgment. Plaintiffs had an obligation to provide notice in the Plan of their intention to pursue an adjustment of the fee allowed for Defendant. Plaintiffs failed both to appeal the Bankruptcy Court's earlier allowance of a reduced fee for Defendant and to disclose their proposed "legal malpractice" claim. Plaintiffs' claims in this case are precisely the same claims that it could have, but did not, raise prior to the Bankruptcy Court's confirmation of the Plan. The underlying events are identical in both cases.

Finally, both cases involved the same parties. Plaintiffs here were debtors in the previous bankruptcy case. Defendant in this case is the same entity that the Bankruptcy Court previously granted the payment of legal fees when it confirmed the Plan. Thus, this factor is also satisfied.

The Court finds that Defendant's motion to dismiss is procedurally proper and all of the elements of res judicata are satisfied. Therefore, Plaintiffs' claims are barred by res judicata.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted. An appropriate order will follow.

_____
ANNE E. THOMPSON, U.S.D.J.

Date: 10/20/16